IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UWORLD, LLC, fka USMLEWORLD, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:23-CV-0447-K |
| USMLE GALAXY, LLC dba ARCHER REVIEW and TART LABS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff UWorld, LLC, fka USMLEWorld, LLC's Motion for Leave to File Third Amended Complaint (Doc. No. 100) and Appendix in Support (Doc. No. 101) (together, the "Motion"). Defendant USMLE Galaxy, LLC dba Archer Review and Defendant Tart Labs filed a joint Brief in Opposition (the "Response") (Doc. No. 107). Plaintiff filed a Reply in Support of its Motion (the "Reply") (Doc. No. 113). The Court has carefully considered the Motion, the Response, the Reply, the proposed amended pleading, the relevant portions of the record, and the applicable law.

Plaintiff filed its Motion to Amend on June 14, 2024, the Scheduling Order deadline for motions to amend pleadings. *See* Doc. No. 66. Accordingly, the Court applies the standard set forth in Federal Rule of Civil Procedure 15 in determining whether to grant Plaintiff leave to amend. Rule 15(a) provides that a district "court

- 1 -

should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  This language "evinces a bias in favor of granting leave to amend", but "leave to amend is by no means automatic." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations and citations omitted); *accord Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017).  In making its determination, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Body by Cook*, 869 F.3d at 391 (internal quotation and citation omitted). The district court has discretion in deciding whether to allow amendment.  *See id.*  But, as the Fifth Circuit cautioned, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires' . . . . [which] evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).  The Fifth Circuit has consistently held that "the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

The Court has considered the relevant factors and finds there is no "substantial reason" to deny Plaintiff's Motion.  *See id.*   Applying the lenient standard of Rule 15(a), the Court concludes in its discretion that Plaintiff's Motion (Doc. No. 100) should be and hereby is **GRANTED** in all respects.  The Clerk is DIRECTED to file

- 3 -

Plaintiff's Third Amended Complaint, filed as Doc. No. 101-2, and the Appendix in Support of Plaintiff's Third Amended Complaint, filed as Doc. No. 101-3, on the docket as of the date of this Memorandum Opinion and Order.

**SO ORDERED.**

Signed August 26th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE