IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UWORLD LLC f/k/a USMLEWORLD LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-447-K-BN |
| USMLE GALAXY LLC d/b/a ARCHER REVIEW and TART LABS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff UWorld, LLC f/k/a USMLEWorld, LLC has filed a Motion for Leave to Take Additional Depositions under Federal Rule of Civil Procedure 30(a)(2)(A), specifically of the corporate representative for Non-party Leeds Equity Partners and Jacques Galante. *See* Dkt. No. 239.

For the reasons explained below, the Court grants UWorld's Motion for Leave to Take Additional Depositions [Dkt. No. 239].

## Background

UWorld explains that it has taken, by its count, only seven depositions in this case:

(1)  Defendant USMLE Galaxy LLC d/b/a Archer Review's corporate representative Dr. Karthik Koduru (by June 2023 deposition for the purposes of the preliminary injunction dispute, and a February 2025 deposition on the merits);

(2)  Defendant Tart Labs's corporate representative Gowtham Raj Prabu (by a May 2024 deposition limited to the personal jurisdiction dispute and a March 2025 deposition on the merits);

(3)  Morgan Taylor;

(4)  David Cox;

(5)    the corporate representative for a potential acquisition of Archer Review;
(6)    Tiffany Kwong; and
(7)    Dr. Pranathi Koduru.

And UWorld seeks to add two additional depositions to that list:

(8)    Non-party Leeds Equity Partners's corporate representative; and
(9)    fact witness Jacques Galante.

UWorld argues that:

- the two Tart Labs Federal Rule of Civil Procedure 30(b)(6) corporate representative depositions (one for personal jurisdiction and one on the merits) should count as one toward Federal Rule of Civil Procedure 30(a)(2)(A)(i)'s ten-deposition limit because Tart Labs blocked questions outside the limited scope of the jurisdiction in the initial May 2024 deposition and, so, the March 2025 deposition of Tart Labs should be treated as a continuation of the prior deposition;
- the Archer Review Federal Rule of Civil Procedure 30(b)(6) corporate representative depositions (one for the preliminary injunction dispute and one on the merits) and Tart Labs Federal Rule of Civil Procedure 30(b)(6) corporate representative depositions should also count as one each because they involved an entity, not an individual, and because, as various district courts have held, a corporation can be re-deposed without leave of court under Federal Rule of Civil Procedure 30(a)(2)(A)(ii) and, so, because leave of court was not necessary under Rule 30(a)(2)(A)(ii) to re-depose Archer Review or Tart Labs, no leave is needed under Rule 30(a)(2)(A)(i); and,
- where UWorld served Dr. Karthik Koduru with both Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Civil Procedure 30(b)(1) notices before his February 2025 deposition, UWorld conducted a single deposition of Dr. Koduru, taken during the same less-than-seven-hour period and resulting in one transcript, which should count as one deposition toward Rule 30(a)(2)(A)(i)'s ten-deposition limit.

And, UWorld asserts that, even if the Court disagrees and finds that one of these depositions should count as two depositions, UWorld would still be at eight depositions with room still remaining to take the two depositions of Leeds Equity Partners's corporate representative and Jacques Galante.

But, UWorld contends that, even if these two additional depositions would

cause it to exceed the ten-deposition limit, UWorld should be allowed to take these two additional depositions because they concern new discovery material to the case and because all of UWorld's prior depositions were necessary.

Archer Review and Tart Labs disagree with most of UWorld's position and contentions, do not stipulate to UWorld's taking these two additional depositions, and contend that UWorld has taken nine depositions in this case – on nine different notices at nine different points in time. By Archer Review and Tart Labs's count, UWorld has already deposed:

(1)    Archer Review's corporate representative Dr. Karthik Koduru on June 9, 2023;
(2)    Tart Labs's corporate representative Gowtham Raj Prabu on May 1, 2024;
(3)    Morgan Taylor on August 22, 2024;
(4)    David Cox on September 11, 2024;
(5)    Tiffany Kwong on September 20, 2024;
(6)    Matthew Riley on October 2, 2024;
(7)    Dr. Pranathi Koduru on December 3, 2024;
(8)    Archer Review's corporate representative Dr. Karthik Koduru on February 18, 2025; and
(9)    Tart Labs's corporate representative Gowtham Raj Prabu on March 4, 2025.

Archer Review and Tart Labs contend that UWorld should be limited to at most taking only one additional deposition because UWorld fails to show the necessity of all of the depositions that it has previously taken – specifically, the depositions of Tiffany Kwong and Dr. Pranathi Koduru – and of the two additional depositions that it seeks. And, so, Archer Review and Tart Labs assert, UWorld should be denied leave to exceed Rule 30(a)(2)(A)(i)'s ten-deposition limit.

In reply, UWorld contends that it is entitled to take Jacques Galante's deposition within the ten-deposition limit because Archer Review and Tart Labs's count of nine depositions double-counts the Tart Labs deposition and that, if the

Court agrees that the deposition of Tart Labs is one deposition, UWorld may take the two additional depositions that it seeks without exceeding the ten-deposition limit, rendering this motion moot. But, UWorld adds that, to streamline the process and avoid unnecessary disputes, UWorld is willing – if the Court disagrees with UWorld's position – to withdraw the notice for Jacques Galante's deposition if Mr. Galante serves as the corporate representative for Leeds Equity Partners.

### Legal Standards and Analysis

Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits each side in a case – that is, the plaintiffs, the defendants, or the third-party defendants – to taking ten deposition without the Court's leave.

And one of the key questions that UWorld's motion raises is whether a successive Rule 30(b)(6) corporate representative deposition with topics different from the earlier Rule 30(b)(6) deposition counts as an additional deposition toward Rule 30(a)(2)(A)(i)'s ten-deposition limit.

But, to properly answer that question and assess the parties' conflicting arguments and differing counts as to how many depositions UWorld has taken in this case so far, the Court must analyze Federal Rules of Civil Procedure 30(a)(2)(A)(i), 30(a)(2)(A)(ii), and 30(b)(6) and how they interact.

I.    <u>Federal Rule of Civil Procedure 30 and its Advisory Committee Notes</u>

Federal Rule of Civil Procedure 30 provides in relevant part:

 (a) When a Deposition May Be Taken.
        (1) Without Leave. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in [Federal Rule of Civil Procedure] 30(a)(2). The deponent's attendance may be compelled by subpoena under [Federal Rule of Civil Procedure]

45.

> (2) With Leave. A party must obtain leave of court, and the court
> must grant leave to the extent consistent with [Federal Rule of Civil
> Procedure] 26(b)(1) and (2):
>> (A) if the parties have not stipulated to the deposition and:
>>> (i)  the deposition would result in more than 10 depositions
>>> being taken under [Federal Rule of Civil Procedure 30]
>>> or [Federal Rule of Civil Procedure] 31 by the plaintiffs,
>>> or by the defendants, or by the third-party defendants;
>>> [or]
>>> (ii)  the deponent has already been deposed in the case; ….
> (b) Notice of the Deposition; Other Formal Requirements.
> ...
>> (6) Notice or Subpoena Directed to an Organization. In its notice
> or subpoena, a party may name as the deponent a public or private
> corporation, a partnership, an association, a governmental agency, or
> other entity and must describe with reasonable particularity the
> matters for examination. The named organization must designate one
> or more officers, directors, or managing agents, or designate other
> persons who consent to testify on its behalf; and it may set out the
> matters on which each person designated will testify. Before or promptly
> after the notice or subpoena is served, the serving party and the
> organization must confer in good faith about the matters for
> examination. A subpoena must advise a nonparty organization of its
> duty to confer with the serving party and to designate each person who
> will testify. The persons designated must testify about information
> known or reasonably available to the organization. This paragraph (6)
> does not preclude a deposition by any other procedure allowed by these
> rules.
> (d) Duration; Sanction; Motion to Terminate or Limit.
>> (1) Duration. Unless otherwise stipulated or ordered by the court,
> a deposition is limited to 1 day of 7 hours. The court must allow
> additional time consistent with [Federal Rule of Civil Procedure]
> 26(b)(1) and (2) if needed to fairly examine the deponent or if the
> deponent, another person, or any other circumstance impedes or delays
> the examination. ….

FED. R. CIV. P. 30(a)(2)(A)(i), 30(a)(2)(A)(ii), 30(b)(6), 30(d)(1).

The Advisory Committee Notes to Rule 30(a)(2) explain that "[a] deposition

under Rule 30(b)(6) should, for purposes of [Rule 30(a)(2)(A)(i)'s] limit, be treated as

a single deposition even though more than one person may be designated to testify."

The Advisory Committee Notes to Rule 30(a)(2) also explain that what is now numbered Rule 30(a)(2)(A)(ii) "requires leave of court if any witness is to be deposed in the action more than once" and that "[t]his requirement does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition."

And the Advisory Committee Notes to what is now numbered Rule 30(d)(1) counsel that, "[f]or purposes of [Rule 30(d)(1)'s] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

## II.    The Interaction Between Rules 30(a)(2)(A)(i) and (ii) and 30(b)(6)

"When interpreting the Federal Rules of Civil Procedure, the Court is to give the rules their plain meaning, and, as with a statute, the inquiry is complete if the Court finds the text of the rules to be clear and unambiguous. The Court may also give weight to, and consider as persuasive authority, the construction of a rule offered by the Advisory Committee in its notes. And, when interpreting a Federal Rule of Civil Procedure, the United States Supreme Court has also considered the rule's structure and context as well as its purpose and whether an interpretation is the rule's most natural reading as well as an eminently sensible one." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 428-29 (N.D. Tex. 2021) (cleaned up).

The deponent for a Rule 30(b)(6) deposition is party or non-party public or private corporation, a partnership, an association, a governmental agency, or other entity. *See* FED. R. CIV. P. 30(b)(6); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d

416, 432-33 (5th Cir. 2006). The party or non-party entity must designate and prepare "natural persons who can speak for the" entity deponent "with respect to the areas within the notice of deposition." *Brazos*, 469 F.3d at 433 (cleaned up).

And, so, as the Advisory Committee Notes explain, a deposition noticed "under Rule 30(b)(6) should, for purposes of [Rule 30(a)(2)(A)(i)'s ten-deposition] limit, be treated as a single deposition [of the party or non-party entity] even though more than one person may be designated to testify." *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *11 (W.D. Tex. June 10, 2013) (cleaned up).

And "[a] Rule 30(b)(6) representative's deposition is subject to Federal Rule of Civil Procedure 30(d)(1)'s 7-hour limit." *Payne v. Raytheon Techs. Corp.*, No. 3:22-cv-2675-BN, 2024 WL 5012054, at *2 (N.D. Tex. Dec. 6, 2024).

"Even if, as the Federal Rule of Civil Procedure 30 Advisory Committee Notes suggest, '[f]or purposes of [Rule 30(d)(1)'s] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition,' realistic time constraints apply to a defendant's Rule 30(b)(6) deposition." *Id.*; *see also M.G. through Garcia v. Armijo*, No. 1:22-CV-0325 MIS/DLM, 2024 WL 168270, at *1 (D.N.M. Jan. 16, 2024) ("Federal district courts disagree on whether all individual corporate deponents should be subject to the seven-hour rule."); *Unknown Party v. Arizona Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2021 WL 2291380, at *8 (D. Ariz. June 4, 2021) ("No consensus has emerged as to whether the approach set forth in the advisory committee's note should be followed.").'

And, if the noticed entity designates a single representative to testify on every noticed topic, even if those number in the dozens, Rule 30(d)(1) requires that the deposition be completed in seven hours in one day, unless the noticing party obtains a stipulation or court order allowing additional time. *See Infernal Tech., LLC v. Epic Games, Inc.*, 339 F.R.D. 226, 230-31 (E.D.N.C. 2021).

Courts have also explained that "the scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the Rule 30(b)(6) notice" insofar as, "[i]f the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. [Federal Rule of Civil Procedure] 26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6)" but, "if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Rivas v. Greyhound Lines, Inc.*, EP-14-CV-166-DB, 2015 WL 13710124, at *4, *5 (W.D. Tex. Apr. 27, 2015); *see also Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72-73 (E.D. La. 2024), *review denied*, 2024 WL 5086077 (E.D. La. Dec. 12, 2024). "[Q]uestions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation" and "are merely treated as the answers of the individual deponent." *McKinney/Pearl Rest. Ptrs., L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 752 (N.D. Tex. 2017).

And, where only a Rule 30(b)(6) corporate representative deposition is noticed, the designated corporate representative's testifying outside the scope of the Rule

30(b)(6) notice does not itself create, in addition to the noticed Rule 30(b)(6) deposition, a fact witness deposition of the individual who is serving as a corporate representative and who is not herself the noticed deponent. And, so, that individual may later herself be noticed for deposition under Rule 30(b)(1) without the need for leave under Rule 30(a)(2)(A)(ii), because she individually has not already been deposed in the case. *Accord Ovando v. Mount Aire Farms, Inc.*, No. 7:23-CV-4-M, 2024 WL 1815446, at *6 (E.D.N.C. Apr. 24, 2024); *Steward v. Roppe Corp.*, No. 3:18-CV-2905, 2022 WL 6234979, at *2 (N.D. Ohio Sept. 8, 2022).

Likewise, a party would not be required to seek leave under Rule 30(a)(2)(A)(ii) to notice, for the first time, a Rule 30(b)(6) deposition of a party or non-party entity, even if the designated corporate representative would be an individual who has already been deposed in her individual capacity under Rule 30(b)(1). *Accord Meltzer/Austin*, 2013 WL 2607589, at *10. "[C]ourts have 'recognized [that] a second deposition is not improper in the [ ] situation in which a deposition was first taken of a witness in an individual capacity and then a second deposition was sought of a witness in a representative capacity.'" *Hermann v. Hewlett Packard Enter. Co.*, No. 3:22-cv-2557-L, 2024 WL 4647715, at *2 (N.D. Tex. Oct. 31, 2024) (quoting *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009) (citing cases)).

But the other side of this coin is that, where an individual's deposition is noticed under Rule 30(b)(1) along with notice for a Rule 30(b)(6) deposition of a party or non-party entity for which that individual will also testify as the designated

corporate representative, the Rule 30(b)(1) individual deposition and Rule 30(b)(6) corporate representative deposition count as two depositions toward Rule 30(a)(2)(A)(i)'s ten-deposition limit, even if the testimony is taken at the same time and results only in one transcript. *Accord Doelger v. JPMorgan Chase Bank, N.A.*, No. CV 21-11042-AK, 2023 WL 11826608, at *1 n.1 (D. Mass. Apr. 3, 2023); *Steward*, 2022 WL 6234979, at *3; *see also LKQ Corp. v. Gen. Motors Co.*, No. 20 C 2753, 2021 WL 4125097, at *4 (N.D. Ill. Sept. 9, 2021) ("So, a 30(b)(6) deposition is one deposition, regardless of how many witnesses are designated. But if plaintiff feels it is important enough to also depose corporate designates as individuals, those have to be counted, individually, against the presumptive limit of ten.").

And some courts have recognized that, in those circumstances, a party is allowed to depose the witness "for [up to] seven hours in his individual capacity and for [up to] seven hours as [the part or non-party entity's] corporate representative." *S. Texas Neon Sign Co. v. Ixtapa, Inc.*, No. CV L-08-0116, 2009 WL 10695795, at *1 (S.D. Tex. June 2, 2009).

Finally, leave is not required for noticing and taking any particular deposition under either Rule 30(a)(2)(A)(i) or Rule 30(a)(2)(A)(ii) if the parties "stipulate[] to the deposition." FED. R. CIV. P. 30(a)(2)(A). But a stipulated-to deposition still counts toward Rule 30(a)(2)(A)(i)'s ten-deposition limit if a party later seeks to take a deposition that would cause it to exceed that ten-deposition limit and therefore require the Court's leave.

Against the backdrop of those interpretations and applications of Rules

30(a)(2)(A)(i), 30(a)(2)(A)(ii), 30(b)(6), and 30(d)(1), the Court concludes that – "if the parties have not stipulated to" a party or non-party entity's Rule 30(b)(6) deposition that a party seeks to notice –

- Rule 30(a)(2)(A)(i) requires the Court's leave if the Rule 30(b)(6) "deposition would result in more than 10 depositions being taken under" Rule 30 or Rule 31 by the noticing party's side, and
- Rule 30(a)(2)(A)(ii) requires the Court's leave if "the [party or non-party entity] has already been deposed [under Rule 30(b)(6)] in the case."

FED. R. CIV. P. 30(a)(2)(A)(i), 30(a)(2)(A)(ii).

The Court recognizes that district court decisions have split on whether successive Rule 30(b)(6) depositions require leave under Rule 30(a)(2)(A)(ii). *See Sanchez v. Sam's W., Inc.*, No. 2:21-CV-05122-SVW-JC, 2024 WL 4131841, at *9 (C.D. Cal. Feb. 9, 2024) (collecting cases); *see also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001).

And courts in this circuit have expressed different views on whether leave under Rule 30(a)(2)(A)(ii) is required when a party, having already taken a party or non-party entity's Rule 30(b)(6) deposition, seeks "additional 30(b)(6) depositions on topics that are different from those previously noticed." *Garcia v. City of Amarillo, Tex.*, No. 2:18-CV-95-Z-BR, 2019 WL 11250160, at *5 (N.D. Tex. Sept. 26, 2019) (concluding that, "[a]lthough Plaintiff has already deposed multiple 30(b)(6) corporate witnesses, Plaintiff does not need to seek leave for additional 30(b)(6) depositions on topics that are different from those previously noticed"); *compare Baker v. Amazon Logistics, Inc.*, No. CV 23-3991, 2025 WL 1076893, at *2 (E.D. La. Mar. 19, 2025) ("A Rule 30(b)(6) deposition is generally considered one deposition

regardless of the number of designees selected to respond. Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court if a party seeks to depose a deponent who has already been deposed in a case. The court must grant leave to the extent consistent with Rule 26(b)(1) and (2). Thus, if Plaintiffs have conducted the Rule 30(b)(6) deposition of each Defendant, Plaintiffs may not conduct a second deposition without leave of court." (cleaned up)).

Faced with this split in the case law as to Rule 30(a)(2)(A)(ii)'s application to Rule 30(b)(6) depositions, this Court is persuaded by the analyses of other courts that have concluded that Rule 30(a)(2)(A)(ii) requires leave if the party or non-party entity has already been deposed under Rule 30(b)(6) in the case and that, in so doing, have declined to adopt the reasoning and conclusions of *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002), and decisions following it. *See Infernal*, 339 F.R.D. at 231 ("The conflict between *Quality Aero*'s holding and the language of Rule 30 have led many courts to reject its reasoning." (collecting cases)).

As another court explained, "[t]here is nothing in the text of [Rule 30(a)(2)(A)(ii)] that supports the conclusion that Rule 30(b)(6) depositions should be treated differently from depositions of individuals. Indeed, by using the generic word 'deponent,' the drafters must have intended to include not only individuals but also corporations and other organizations and entities within the rule that leave of court is required for a second deposition." *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. CIV.A. 07-2388-DJW, 2008 WL 3895474, at *3 (D. Kan. Aug. 21, 2008).

"If the drafters of Rule 30 wanted Rule 30(b)(6) deponents to be excluded from the rule that leave must be obtained before deposing a deponent for a second time, then the drafters would have included such a provision in the Rule. They did not, however, and no basis exists for this Court to carve out an exception to the rule for Rule 30(b)(6) depositions." *Id.*; *accord Duran v. Sara Lee Corp.*, No. 1:11-CV-313, 2013 WL 12308200, at *1-*4 (W.D. Mich. May 3, 2013) (collecting cases).

And, even when considering Rule 30(a)(2)(A)(ii)'s context and purpose, courts have noted that "[t]aking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual. In both cases, each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008).

Courts have also explained that "the arguable non-overlapping nature of deposition topics covered by an initial [Rule 30(b)(6)] deposition notice with topics proposed to be covered in a new [Rule 30(b)(6)] deposition notice" is not a basis to exempt or carve out Rule 30(b)(6) depositions from Rule 30(a)(2)(A)(ii)'s scope but rather is a "factor[] to be considered in assessing whether a court should grant leave [under Rule 30(a)(2)(A)(ii)] to depose a [Rule 30(b)(6)] deponent who has already been deposed." *Sanchez*, 2024 WL 4131841, at *12; *accord City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 330062, at *8 (D.N.M. Feb. 1, 2021), *objections overruled*, 2021 WL 1890132 (D.N.M. May 11, 2021).

As to Rule 30(a)(2)(A)(i), the Court also recognizes that some courts have held

that a party or non-party entity's depositions under Rule 30(b)(6) should count as only one deposition toward the ten-deposition limit, even if successive Rule 30(b)(6) depositions are noticed and taken at different times to address different or additional topics.

These courts have explained that counting as a separate deposition each Rule 30(b)(6) deposition that is noticed and taken of an entity at different times in the case "is inconsistent with [the concept that a Rule 30(b)(6) deposition should, for purposes of Rule 30(a)(2)(A)(i)'s [ten-deposition] limit, be treated as a single deposition even though more than one person may be designated to testify] and would require a party to consider … all possible topics of discovery and consolidate them into one notice to avoid the counting of multiple subjects as multiple depositions against the ten-deposition limit." *Hendricks v. Aetna Life Ins. Co.*, No. 2:19-CV-06840-AB(MAAX), 2024 WL 4720802, at *7 (C.D. Cal. Sept. 3, 2024) (cleaned up). And, these courts have reasoned, "this construct would not permit for further depositions of a corporation that changes its litigation position midstream." *Id.* And, so, these courts conclude that "Rule 30(b)(6) depositions are considered a single deposition for purposes of the numeric limit." *Saevik v. Swedish Med. Ctr.*, No. C19-1992-JCC, 2021 WL 5014087, at *1 (W.D. Wash. Oct. 28, 2021), *aff'd*, No. 22-35023, 2023 WL 3335901 (9th Cir. May 10, 2023).

But this Court cannot adopt that reasoning and instead concludes that, applying Rule 30(a)(2)(A)(i)'s text, a successive Rule 30(b)(6) corporate representative deposition with topics different from the earlier Rule 30(b)(6) deposition counts as an

additional deposition toward Rule 30(a)(2)(A)(i)'s ten-deposition limit.

Put another way, the Court concludes that a separately-noticed, successive Rule 30(b)(6) deposition served at a later time in a case counts as a separate deposition toward Rule 30(a)(2)(A)(i)'s ten-deposition limit just as it also requires leave under Rule 30(a)(2)(A)(ii) because "the deponent has already been deposed in the case." *But cf. Loops LLC v. Phoenix Trading, Inc.*, No. C08-1064 RSM, 2010 WL 786030, at *1-*2 (W.D. Wash. Mar. 4, 2010) ("The question before the Court is whether the 30(b)(6) depositions of Ms. Hemming on the same day regarding different topics count as one deposition or two depositions for purposes of Rule 30(a)(2). …. In this case, the approach taken by the court in *Quality Aero* [*Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002),] makes more sense; the depositions taken on the same day on different topics should count as one. Plaintiffs were not taking 'serial' depositions of Amercare because the depositions were on different topics on the same day. Further, the advisory notes make clear that had Plaintiffs simply included all inquiry topics in the same deposition notice and referred to it as one deposition, the deposition would have unquestionably counted as one. There is no reason to count the depositions as two simply because Plaintiffs divided the topics into two subgroups rather than lumping them into one.").

Archer Review and Tart Labs themselves explain that, in this case, the relevant parties agreed to the second Rule 30(b)(6) depositions of Archer Review and Tart Labs and that makes leave under Rule 30(a)(2)(A)(ii) unnecessary here. But, Archer Review and Tart Labs assert, their allowing their corporate representatives

to be deposed twice is separate matter from whether the depositions count toward Rule 30(a)(2)(A)(i)'s ten-deposition limit.

The Court agrees, but (as UWorld itself contends) the analyses of how Rule 30(a)(2)(A)(i) and Rule 30(a)(2)(A)(ii) each apply to a successive Rule 30(b)(6) deposition notice nevertheless overlap.

For Rule 30(a)(2)(A)(ii)'s purposes, once a party or non-party entity has, through its designated corporate representative or representatives, testified to all of the topics in a Rule 30(b)(6) notice, the entity (as the deponent) at that point "has [ ] been deposed in the case." FED. R. CIV. P. 30(a)(2)(A)(ii).

If a party then seeks to notice another, successive Rule 30(b)(6) deposition of that entity, "Rule 30(a)(2)(A)(ii) is neither vague nor unclear. It provides that '[a] party must obtain leave of court ... if the parties have not stipulated to the deposition and ... the deponent has already been deposed in the case.' Nothing in this plain language renders Rule 30(a)(2)(A)(ii) inapplicable to Rule 30(b)(6) depositions. A corporation is a deponent just as much as an individual." *City of Las Cruces*, 2021 WL 330062, at *6.

And, so, unless the parties stipulate to the deposition, a new Rule 30(b)(6) deposition notice with additional topics requires leave under Rule 30(a)(2)(A)(ii), just as a later-served Rule 30(b)(1) notice does for an individual who has already been deposed in the case. *Accord Heredia v. Tate*, No. 19-CV-338-JDP, 2021 WL 5446872, at *8 (W.D. Wis. Nov. 22, 2021).

A later-served Rule 30(b)(6) notice with additional topics would,

correspondingly, result in a second deposition of the entity (as the deponent) that counts separately toward Rule 30(a)(2)(A)(i)'s ten-deposition limit, just as – albeit without setting out the topics or matters on which the deponent will testify, as Rule 30(b)(6) requires – a later-served Rule 30(b)(1) notice would for an individual whose deposition had already been taken. *See* FED. R. CIV. P. 30(a)(2)(A)(i).

If a party decides later in a case that it needs to depose an already-deposed entity under Rule 30(b)(6) on additional topics of discovery, or if the entity (having already been deposed under Rule 30(b)(6)) changes its litigation position midstream, the noticing party may move for leave under Rule 30(a)(2)(A)(ii) and (if necessary) Rule 30(a)(2)(A)(i) to take a successive Rule 30(b)(6) deposition. And, so, Rules 30(a)(2)(A)(i) and (a)(2)(A)(ii) themselves provide a remedy for the concerns that some courts have raised and pointed to as reasons to interpret these rules to exempt or carve out successive Rule 30(b)(6) depositions from their scope.

These analyses of how Rule 30(a)(2)(A)(i) and Rule 30(a)(2)(A)(ii) apply to a successive Rule 30(b)(6) deposition notice are also consistent with the concept that the testimony of multiple individuals serving as corporate representatives for the topics in a Rule 30(b)(6) notice do not each count as a "deposition" under Rule 30(a)(2)(A)(i) – and, perhaps even more obviously, do not each amount to additional depositions of the party or non-party entity that would require leave under Rule 30(a)(2)(A)(ii).

That is because the individuals serving as corporate representatives are not each individually the "deponent" under Rule 30(b)(6), but, rather, the entity itself is,

*see Brazos*, 469 F.3d at 432-33; *City of Las Cruces*, 2021 WL 330062, at \*7, and, "regardless of how many witnesses are designated to testify, the deposition is one deposition of the corporation," *LKQ*, 2021 WL 4125097, at \*4; *accord State Farm*, 254 F.R.D. at 234-35 ("Neither the text of the rule nor the committee's note exempts Rule 30(b)(6) depositions from the leave requirement in the event of a second deposition of a party already deposed. Rather, the notes state only that a Rule 30(b)(6) deposition should be treated as one deposition, no matter how many designees testify, for purposes of the [ten]-deposition limit. This limitation has a readily discernable logic, as large corporations with voluminous and complex documents may require testimony from multiple officers and custodians to provide comprehensive testimony regarding all matters 'known or reasonably available to the organization.' Thus, a contrary rule would place an unfair constraint on the number of depositions allowed to parties needing to conduct Rule 30(b)(6) depositions. The same cannot be said for Rule 30(a)(2)(A)(ii). The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations." (cleaned up)).

And these analyses of how Rule 30(a)(2)(A)(i) and Rule 30(a)(2)(A)(ii) apply to a successive Rule 30(b)(6) deposition notice are also consistent with the reading of Rule 30(d)(1) that the Advisory Committee Notes suggest. As noted above, that reading would limit "the deposition of an individual to one day of seven hours" and "not so limit the deposition of a corporation (unless it only produces a single designee)" but rather would "grant[] one day of seven hours per Rule 30(b)(6) designee" to

"strike[] a balance between obtaining the knowledge possessed by a deponent and protecting the deponent from the unlimited right of discovery given by Rule 26." *City of Las Cruces*, 2021 WL 330062, at *7 (cleaned up).

But, most importantly, these analyses of how Rule 30(a)(2)(A)(i) and Rule 30(a)(2)(A)(ii) apply to a successive Rule 30(b)(6) deposition notice are consistent with Rule 30's text, for the reasons explained above.

And, so, interpreting and applying Rule 30's text, the Court concludes that, just as leave is required under Rule 30(a)(2)(A)(ii) to take a Rule 30(b)(6) deposition of an entity through its corporate representative or representatives a second time (or, put another way, to take a second deposition of the entity as a deponent under Rule 30(b)(6)), a second Rule 30(b)(6) deposition should be counted as another, separate deposition toward Rule 30(a)(2)(A)(i)'s ten-deposition limit.

III.     <u>UWorld Has Already Taken Ten Depositions in this Case</u>

Applying the analyses laid out above, the Court determines that UWorld has taken ten depositions in this case:

(1)     Archer Review's corporate representative Dr. Karthik Koduru on June 9, 2023;
(2)     Tart Labs's corporate representative Gowtham Raj Prabu on May 1, 2024;
(3)     Morgan Taylor on August 22, 2024;
(4)     David Cox on September 11, 2024;
(5)     Tiffany Kwong on September 20, 2024;
(6)     Matthew Riley on October 2, 2024;
(7)     Dr. Pranathi Koduru on December 3, 2024;
(8)     Archer Review's corporate representative Dr. Karthik Koduru on February 18, 2025;
(9)     Dr. Karthik Koduru (individually) on February 18, 2025; and
(10)    Tart Labs's corporate representative Gowtham Raj Prabu on March 4, 2025.

Dr. Karthik Koduru's separately-noticed Rule 30(b)(1) and (as Archer Review's

corporate representative) Rule 30(b)(6) depositions – even though taken together on the same day – count as two, separate depositions toward Rule 30(a)(2)(A)(i)'s ten-deposition limit.

And, based on the Court's reading and application of Rule 30(a)(2)(A)(i) explained above, so do the separately-noticed, successive Rule 30(b)(6) depositions of Archer Review and Tart Labs.

That Tart Labs objected to merits-related questioning at its first Rule 30(b)(6) deposition does not make the second Rule 30(b)(6) deposition – separately noticed with 55 topics – only a continuation of Tart Labs's first Rule 30(b)(6) deposition. UWorld did not ask the Court to reopen that first deposition or to, for example, require Tart Labs to present a new or better prepared corporate representative for failing to fully answer or prepare for the noticed topics. *See* Dkt. No. 191; *see generally E.E.O.C. v. SkyWest Airlines, Inc.*, No. 3:22-cv-1807-D, 2024 WL 1942124, at *3-*4 (N.D. Tex. May 2, 2024); *Keplar v. Google, LLC*, 346 F.R.D. 41, 52 (N.D. Tex. 2024); *Mercury Luggage Mfg. Co. v. Domain Prot., LLC*, No. 3:19-cv-1939-M-BN, 2022 WL 254351, at *1-*2 (N.D. Tex. Jan. 27, 2022).

Because UWorld has reached the ten-deposition limit, UWorld's alternative request for leave under Rule 30(a)(2)(A)(i) to take depositions in excess of the limit is ripe, and to that the Court now turns.

IV.    The Court Grants UWorld Leave Under Rule 30(a)(2)(A)(i)

      A.    Standard for Granting Leave under Rule 30(a)(2)(A)(i)

When a party is required to, and does, seek leave under Rule 30(a)(2)(A)(i) "to

take more than ten depositions, the court's decision whether to grant such leave is governed by the principles set out in" Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2). *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). "Under Rule 26(b)(1), [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. And under Rule 26(b)(2)(C), the court must limit discovery when it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *SkyWest*, 2024 WL 1942124, at *3 (cleaned up).

The party seeking leave under Rule 30(a)(2)(A) to take more than ten depositions must "show the necessity of all the depositions she took in reaching the prescribed limit," that is, "the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A)." *Barrow*, 202 F.R.D. at 482-83.

"In other words, [the party seeking leave] must establish not only the necessity of each deposition identified in his motion (i.e., [deponents] 11 through 20), but also

the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., [deponents]1 through 10)." *MacKenzie v. Castro*, No. 3:15-cv-752-D, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016).

"And [t]he mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Byers v. Navarro Cty.*, No. 3:09-cv-1792-D, 2011 WL 4367773, at *2 (N.D. Tex. Sept. 19, 2011) (cleaned up).

"The rationale for such a standard is" that, "[h]ad [the party seeking leave] opted not to take other depositions, she could have taken the ones in question without first obtaining leave of court." *Barrow*, 202 F.R.D. at 482 (cleaned up).

The party seeking leave "should not be allowed to conduct ten" (or more) "depositions that were not subject to judicial review under the Rule [26(b)(1) and Rule] 26(b)(2) standards and then only be required to" provide specific reasons for seeking "leave to take the additional ones at issue." *Id.* at 482-83. "If this approach were condoned, a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule [26(b)(1) and Rule] 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate.

Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions." *Id.* at 483. "This salutary purpose would be subverted unless a party who takes the maximum number of depositions allowed, and then seeks leave to conduct more, is

required to show the necessity of all the depositions she took in reaching the prescribed limit in order to demonstrate" her entitlement to leave under Rule 30(a)(2)(A). *Id.*

    B.  <u>The Court Grants UWorld Leave Under Rule 30(a)(2)(A)(i)</u>

The Court finds that UWorld has shown the necessity of each of the ten depositions that it has taken that cause it to reach Rule 30(a)(2)(A)(i)'s ten-deposition limit and of the two additional depositions of Leeds Equity Partners's corporate representative and Jacques Galante that it seeks to take.

The Court finds that all of the Archer Review corporate representative and Tart Labs corporate representative depositions and the depositions on Gowtham Raj Prabu, Morgan Taylor, David Cox, and Matthew Riley were justified under the Rule 26(b)(1) and Rule 26(b)(2) standards. And Archer Review and Tart Labs do not assert otherwise.

As to the depositions of Tiffany Kwong and Dr. Pranathi Koduru, the Court likewise finds that UWorld's taking their deposition was justified under the Rule 26(b)(1) and Rule 26(b)(2) standards.

Archer Review does not dispute that deposing Ms. Kwong was relevant to UWorld's pleaded allegations; rather, it asserts that those allegations are mistaken and that UWorld should have known as much before the deposition. Neither the Court in deciding this motion nor UWorld in conducting discovery are required to take Archer Review's word of it on this point. And the Court is not persuaded that Archer Review's positions on the merits of factual disputes make either unnecessary

-23-

or unjustified UWorld conducting discovery to, as UWorld explains, investigate Ms. Kwong's relationship with Archer Review and seek evidence of actual confusion between Archer Review and UWorld in the marketplace, to support UWorld's claims of infringement.

As for Dr. Pranathi Koduru, Archer Review seeks to hold UWorld to a "material issue" standard, but that's not what Rule 26(b) requires for proper discovery. And, in any event, the Court is persuaded that UWorld's explanation that it deposing Dr. Pranathi Koduru's deposition was necessary to investigate her knowledge of the allegations of infringement against the company she owned satisfies the Rule 26(b)(1) and Rule 26(b)(2) standards.

As for the two additional depositions that UWorld seeks to take, Archer Review again asks the Court to accept its view of disputed facts that UWorld's allegations make relevant to its pleaded claims. That the Court will not do on this discovery issue.

As UWorld persuasively explains, the additional deposition testimony that it seeks will either support or contradict critical positions in the litigation, such as Archer Review's attempts to minimize the importance of the stolen materials (acquired by Leeds), the role of Tart Labs, claims of independent creation, and reasons for the name change.

And the Court is persuaded by UWorld's reply that deposing two witnesses with Leeds itself is not unduly cumulative of testimony from Archer Review.

## Conclusion

The Court grants UWorld's Motion for Leave to Take Additional Depositions [Dkt. No. 239] and gives UWorld leave to exceed Federal Rule of Civil Procedure

30(a)(2)(A)(i)'s ten-deposition limit by taking the depositions of the corporate representative for Non-party Leeds Equity Partners and of Jacques Galante.

SO ORDERED.

DATED: April 24, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE