IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UWORLD LLC f/k/a USMLEWORLD LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-447-K-BN |
| USMLE GALAXY LLC d/b/a ARCHER REVIEW and TART LABS, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 200.

Defendants USMLE Galaxy LLC d/b/a as Archer Review and Tart Labs have filed a Motion to Strike UWorld's December 13 Sur-Rebuttal and Reply Reports and Errata of Nancy Miracle. *See* Dkt. No. 207.

Plaintiff UWorld LLC f/k/a USMLEWorld LCC filed a response, *see* Dkt. No. 245, and Defendants filed a reply, *see* Dkt. No. 260.

For the reasons explained below, the Court grants in part and denies in part Defendants' Motion [Dkt. No. 207].

### **Background**

Prior orders have documented the background of this case. *See* Dkt. Nos. 77 & 289.

UWorld's lawsuit brings a variety of counts under a variety of federal and state

acts and common law for injuries to trade dress, dilution, misappropriation, unfair competition, false designation of origin, infringement, breach of contract, and tortious interference with prospective business relations, among others. *See generally* Dkt. No. 124.

The Court entered an Amended Scheduling Order (the "Scheduling Order") that provided deadlines for the parties to designate expert witnesses under Federal Rule of Civil Procedure 26(a)(2). *See* Dkt. No. 66 at 2-3. The Scheduling Order states that, "[u]nless otherwise stipulated or directed by order," plaintiff and defendant shall designate expert witnesses who will testify at trial by October 4, 2024 and disclose experts "intended solely to contradict or rebut evidence on the same subject matter identified by another party" within 30 days thereafter. *Id.*

On September 3, 2024, the parties entered into a stipulation regarding expert witness deadlines via email (the "Stipulation"). *See* Dkt. No. 206-2 at 4-5.

The Stipulation provides:

> The party with the burden of proof shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before October 4, 2024.
> …
> The party who does not bear the initial burden of proof or who proffers an expert in rebuttal to the same subject matter identified by another party shall file a written designation of the name and address of each such expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before November 4, 2024.

*Id.*

And, so, on October 4, 2024, UWorld designated its expert witnesses – Walter Bratic, Justin Blok, Larry Chiagouris, Ph.D., and Nancy Miracle – and served their

respective expert reports. *See* Dkt. No. 134

Mr. Bratic and Mr. Blok's expert report provided opinions regarding UWorld's alleged damages. *See id.* at 1-2; Dkt. No. 246-9 at 2.

Dr. Chiagouris's expert report offered opinions concerning the strength of UWorld's brand, distinctiveness of its trade dress, and possible corrective advertising damages. *See* Dkt. No. 134 at 2; Dkt. No. 246-8 at 2.

Ms. Miracle's expert report outlined her opinions on issues related to UWorld's copyrighted illustrations and trade dress and Defendants' purported improper access of UWorld's materials. *See* Dkt. No. 134 at 3; Dkt. No. 245 at 8.

On November 7, 2024 (after the parties stipulated to an extension), Defendants designated their rebuttal expert witnesses – Christopher Buccafusco, Peter Kent, Dr. Jeffrey A. Miller, Dr. Susan McDonald, and Quentin Mimms – and served their respective expert reports. *See* Dkt. No. 154.

Mr. Buccafusco opined regarding protectable trade dress and copyright as to UWorld's allegations of infringement. *See id.* at 1; Dkt. No. 245 at 14.

Mr. Kent provided opinions concerning the individuals elements of UWorld's purported trade dress and, specifically, its functionality.  *See* Dkt. No. 154 at 2; Dkt. No. 245 at 14.

Dr. Miller offered opinions regarding Defendants' access of UWorld's materials. *See* Dkt. No. 154 at 2; Dkt. No. 245 at 13.

Dr. McDonald's expert report provided opinions regarding UWorld's alleged trade dress, including any alleged secondary meaning and distinctiveness, brand

value, the relevant marketplace, and UWorld's alleged corrective advertising costs. *See* Dkt. No. 154 at 2; Dkt. No. 245 at 15.

Mr. Mimms provided opinions regarding UWorld's alleged damages. *See* Dkt. No. 154 at 3; Dkt. No. 245 at 15.

On December 13, 2024, UWorld served five "rebuttal" or "reply" expert reports from the same experts whom it previously designated (collectively, the "December 13 Reports"), which included the following:

- Evaluation, Opinion, and Rebuttal to Expert Report of Christopher Buccafusco by Nancy Miracle (the "Buccafusco Rebuttal")

- Rebuttal to Expert Report of Peter Kent Regarding Trade Dress of UWorld's Use Interface by Nancy Miracle (the "Kent Rebuttal")

- Evaluation, Opinion, and Rebuttal to Expert Report of Jeffrey A. Miller, Ph.D. by Nancy Miracle (the "Miller Rebuttal")

- Expert Reply of Justin R. Blok and Walter Bratic (the "Bratic/Blok Reply")

- Reply Expert Report of Dr. Larry Chiagouris (the "Chiagouris Reply")

And, on January 20, 2025, UWorld served the Miracle Errata to Ms. Miracle's October 4 and December 13, 2024 expert reports (the "Miracle Errata").

The parties dispute whether UWorld's December 13 Reports and the Miracle Errata are permissible under the Court's Scheduling Order, their Stipulation, and Federal Rule of Civil Procedure 26.

And, so, Defendants move to strike the Buccafusco Rebuttal, the Kent

Rebuttal, and the Miller Rebuttal in their entirety.

And, in acknowledging that UWorld is permitted to supplement their opinions in certain circumstances, Defendants move to strike the Bratic/Blok Reply, Chiagouris Reply, and Miracle Errata as follows:

- Paragraphs 10-21, 37-55, and 63-68 of the Bratic/Blok Reply;

- Paragraphs 19-38, 40-49, and 54-59 of the Chiagouris Reply; and

- Pages 1-2 (line 3), 2 (line 6)-3 (line 3), 5-6 (line 9), 8 (line 5-7), 9 (line 5-7), 9 (line 9)-16 (line 10), 19 (line 2)-20 (line 10), 21 (line 2-3) of the Miracle Errata.

### Legal Standards

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. In addition to initial disclosures, a party must disclose to the other parties the identity of any witness that it may use at trial to present expert evidence. *See* Fed. R. Civ. P. 26(a)(2)(A).

If the witness is one retained or specially employed to provide exert testimony in the case, the report must contain, among other things, "a complete statement of all opinions the witness will express and basis and reasons for them" and "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in

writing; or (B) as ordered by the court." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2023 WL 348963 (N.D. Tex. Jan. 20, 2023).

"[T]he line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction ... depends on the facts of the case." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2022 WL 3019795, at *2 (N.D. Tex. July 29, 2022) (cleaned up).

But "[c]ourts routinely reject untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures and disclosure 'departs from [or] expands upon [the] original report in [any] material respects." *Holcombe v. United States*, 516 F. Supp. 3d 660, 670 (W.D. Tex. 2021) (cleaned up). "The purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Aircraft Holding*, 2022 WL 3019795, at *2 (cleaned up). "Thus [w]hen the analysis and opinions in the second report [are] largely new rather than supplementary, they cannot qualify as a supplemental expert report under Rule 26(e)." *Id.* (cleaned up).

And Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

"In evaluating whether a violation of Rule 26 is harmless, the court examines

four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up).

The disclosing party bears the burden of proving the failure to timely disclose was substantially justified or harmless. *See Lopez v. Fun Eats and Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021); *accord Coleman v. Chevron Phillips Chem. Co. LP*, No. CV H-23-350, 2024 WL 460248, at *9 (S.D. Tex. Feb. 6, 2024); *Fuller*, 2023 WL 8482889, at *3.

## Analysis

### I.    UWorld's December 13 Reports are Impermissible Sur-Rebuttals

#### A.    December 13 Reports

To appropriately characterize UWorld's December 13 Reports, the Court must first resolve the parties' dispute regarding the interpretation of their Stipulation.

In UWorld's view, the Stipulation "neither converted Defendants' expert reports into solely rebuttal reports nor foreclosed UWorld's opportunity to rebut those reports" but, rather, "applied to provide more time for Defendants' expert reports, as Defendants are the 'part[ies] who do[] not bear the initial burden of proof.'" Dkt. No. 245 at 12 (quoting Dkt. No. 206-2 at 4-5). And "[t]he stipulation belies any assertion that Defendants' expert reports are solely rebuttal reports." *Id.*

And, so, Uworld contends that its December 13 Reports are timely filed

rebuttals of Defendants' initial or affirmative expert reports.

In Defendants' view, the parties "agreed that the October 4 deadline applied to the 'party with the burden of proof' and that the subsequent deadline applied to the 'party who does not bear the initial burden of proof or who proffers an expert in rebuttal to the same subject matter identified by another party.'" Dkt. No. 260 at 5-6 (quoting Dkt. No. 206-2 at 5). Defendants assert that they meet both criteria of the latter deadline and that their expert reports are "rebuttal" reports under the Stipulation. *See id.* at 6.

And, so, Defendants contend that Uworld's December 13 Reports are impermissible sur-rebuttal reports.

The plain language of the parties' Stipulation regarding their expert disclosures is clear.

UWorld – as the "party with the burden of proof" on its claims – was required to designate its expert witnesses by the first deadline, and Defendants – as the "part[ies] who do[] not bear the initial burden of proof or who proffer[] an expert in rebuttal to the same subject matter identified by another party" – were required to designate their expert witnesses by the subsequent deadline.

Defendants' expert witness filing explicitly states that it is designating "rebuttal" expert witnesses. *See* Dkt. No. 154.

The Court is not persuaded by UWorld's argument that Defendants' experts address their pleaded affirmative defenses concerning UWorld's trade dress claims (such as, functionality or lack of secondary meaning) and, so, these "rebuttal" expert

reports are transmuted into affirmative expert opinions.

To the extent that Defendants bear the burden of proof on certain affirmative defenses, that does not change the facts that UWorld (not Defendants) bears the "initial" burden of proof on its claims and Defendants have explicitly designated their experts as "rebuttal" witnesses, as provided for in the parties' Stipulation.

But, to resolve the further dispute as to the nature of Defendants' expert designations, the Court turns to whether Defendants' expert opinions are "rebuttal" reports in not only form but also substance.

Courts ask the following question when addressing whether an expert witness is a rebuttal witness:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-Am., Inc. v. Serrot Int'l, Inc.*, No. 3:00-cv-1457-D, 2002 WL 1996561, at *15 (N.D. Tex. 2002); *see also, e.g.*, *United States ex rel. Taylor v. Healthcare Assocs. of Texas, LLC*, No. 3:19-cv-2486-N, 2024 WL 4606799 (N.D. Tex. Oct. 28, 2024).

And, so, the Court turns to whether Defendants' expert reports opined on the same subject matter identified by UWorld's expert reports.

UWorld's expert – Ms. Miracle – addressed issues related to UWorld's copyrighted illustrations and trade dress and alleged improper access of UWorld's materials. Defendants' experts – Mr. Buccafusco, Mr. Kent, and Dr. Miller – provided opinions regarding protectable trade dress and copyright as to UWorld's allegations

of infringement, the individual elements of UWorld's purported trade dress and, specifically, its functionality, and Defendants' access of UWorld's materials.

UWorld's expert – Dr. Chiagouris – offered opinions concerning the strength of UWorld's brand, distinctiveness of its trade dress, and possible corrective advertising damages. Defendants' expert – Dr. McDonald – provided opinions regarding the secondary meaning and distinctiveness of UWorld's alleged trade dress, brand value, the relevant marketplace, and UWorld's alleged corrective advertising costs.

UWorld's experts – Mr. Bratic and Mr. Blok – provided opinions regarding UWorld's alleged damages. Defendants' expert – Mr. Mimms – also opined regarding damages.

UWorld cannot dispute that Defendants' expert reports opined on the same subject matter initially identified by their own experts.

And, so, considering the above analysis around the form and substance of Defendants' expert reports, the Court is not persuaded by UWorld's attempt to recast them as affirmative expert opinions. Rather, they are rebuttal opinions.

And, because UWorld acknowledges that its December 13 Reports are in rebuttal to Defendants' expert reports, *see* Dkt. No. 245 at 15, the Court considers the December 13 Reports to be sur-rebuttal reports.

But neither the Court's Scheduling Order nor the parties' Stipulation authorized a party to file a sur-rebuttal report. *See* Dkt. No. 66 at 2-3; Dkt. No. 206-2 at 4-5.

And Rule 26 does not address the availability and timing of sur-rebuttal

reports, and, so, "[t]he Rule does not grant any right to rebuttal beyond that initial rebuttal report." *La. Health Care Self Ins. Fund v. United States*, CIV.A. 12-766, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014); *see also Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n,* No. 1:15-CV-134-RP, 2017 WL 9480314 (W.D. Tex. May 22, 2017) ("Reading Rule 26(e) to authorize a sur-rebuttal is untenable as such a reading opens the door to an infinitely iterative process whereby each new report necessitates not only a counter-report but also a repeat deposition. To avoid drowning in sur-rebuttal reports, sur-sur-rebuttal reports and so forth, courts must impose a limit.").

But Rule 26 does not "prohibit the filing of sur-rebuttal reports. Instead, a party wishing to provide a sur-rebuttal must first seek leave of Court." *La. Health Care Self Ins. Fund*, 2014 WL 3720526, at *1 (collecting cases).

In its response, UWorld acknowledges the leave requirement. *See* Dkt. No. 245 at 22 (stating that "[p]arties are required to request leave to file sur-rebuttal expert reports"). But it failed to seek leave here.

And, so, because UWorld did not seek leave to serve the December 13 Reports, they were improperly disclosed in violation of Rule 26. *Accord BCC Merch. Sols., Inc. v. JetPay, LLC,* No. 3:12-cv-5185-B, 2016 WL 3264283 (N.D. Tex. Feb. 19, 2016).

### B. Miracle Errata

Defendants also move to strike certain portions of the Miracle Errata filed on January 20, 2025.

In response, UWorld contends that the Miracle Errata is a permissible

supplemental report because it "seeks to correct certain typographical errors, replace analysis regarding a three-point gait illustration, and correct Ms. Miracle's prior misunderstanding regarding the copyright status of two images." Dkt. No. 245 at 26.

Defendants assert "the Archer Review three-point gait image on which she offers new opinions was not 'new,'" as it had been previously produced. Dkt. No. 260 at 13. And, so, Defendants argue that this section of the Miracle Errata is impermissible because it offers new analysis based on data that was available to her at the time of her original report. *See id.*

But Ms. Miracle states that the image at issue "was not in the image production from Archer Review that [she] evaluated in [her] previous expert reports." Dkt. No. 206-2 at 432. And she purportedly "reviewed the three-point gait image for the first time when she reviewed the image library produced after this Court granted UWorld's Motion to Compel," on December 26, 2024. Dkt. No. 245 at 27; *see also* Dkt. No. 190.

The Court finds that the Miracle Errata – and, specifically, the parts analyzing the three-point gait illustration – amount to a permissible supplemental report because the Miracle Errata is based on additional or corrective information that had not been made available to Ms. Miracle in preparing her initial report.

And, so, the Court declines to strike the portions of the Miracle Errata that Defendants seek to exclude as it relates to Ms. Miracle's initial report from October 4, 2024.

But, to the extent the Miracle Errata references the December 13 Reports, the

Court will strike those portions, as applicable, unless it finds UWorld's improper disclosures were substantially justified or harmless.

## II. UWorld's December 13 Reports Were Neither Substantially Justified nor Harmless

The Court now turns to evaluating whether UWorld's December 13 Reports, which violated Rule 26, were substantially justified or harmless.

The first factor of the harmlessness analysis – how important the evidence is – weighs in favor of exclusion.

UWorld contends that its December 13 Reports "respond to erroneous contentions from [Defendants'] experts that – if left unchallenged – would mislead the jury." Dkt. No. 245 at 23.

But, as Defendants point out, UWorld's experts will "retain the ability to testify as to the analysis in their initial reports" and may supplement their opinions as required. Dkt. No. 207 at 16. And neither the Federal Rules of Civil Procedure nor the parties' Stipulation entitle UWorld to a "do-over" or "second bite at the apple" because Defendants served rebuttal opinions that challenge their experts' initial reports.

The second factor – prejudice to the party – also favors exclusion.

UWorld contends that Defendants have not been prejudiced because they "knew UWorld intended to offer rebuttal opinions" before they issued their expert reports. Dkt. No. 245 at 24.

But UWorld's argument misses the mark.

As Defendants point out, Defendants "invested significant time and expense in

responding to UWorld's initial reports." Dkt. No. 207 at 17. And, so, requiring them to address these new, "rebuttal" expert opinions without the benefit of their own experts' opinions would be prejudicial.

And, insofar as UWorld's December 13 Reports introduced new data, methods, analysis, and opinions that were not present in the initial expert reports, Defendants are deprived of the opportunity to rebut with their own experts. *Accord BCC*, 2016 WL 3264283, at *5 (finding that the potential prejudice was "immense").

And forcing Defendants to incur substantial time and expense to prepare additional reports in response to the sur-rebuttals will not remedy that prejudice. *Accord Wal-Mart*, 2017 WL 9480314, at *3 (W.D. Tex. May 22, 2017) (explaining that the opposing party would be prejudiced if required to amend its rebuttal report, which "could be both time-intensive and expensive"); *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365 (5th Cir. 2016) (finding that allowing an untimely second expert report would prejudice the opposing party because '[t]o properly rebut and re-depose [the expert] would cost substantial time and expense").

The third factor – the possibility that a continuance could cure any prejudice – weighs in favor of exclusion.

UWorld asserts that there is no need for a continuance, and Defendants contend that a continuance would not cure the prejudice from allowing UWorld to belatedly introduce new opinions without the opportunity to respond or having to incur the burden and cost of responding to UWorld's sur-rebuttal reports. *See* Dkt. No. 207 at 17; Dkt. No. 245 at 25.

Fact and expert discovery have closed, and the Court's Amended Scheduling Order [Dkt. No. 161] required the parties to file their dispositive motions and *Daubert* challenges by April 25, 2025, as they have now done in force.

And, so, the Court agrees that a continuance will not cure the prejudice here.

The fourth factor – the explanation for the party's non-compliance – favors exclusion.

UWorld contends that its "failure to specifically rebut the Defendants' experts' opinions in its opening reports is justified by the fact that UWorld's experts could not anticipate the arguments and opinions made by Defendants' experts until they received them" and "UWorld's experts should have an opportunity to respond to those opinions." Dkt. No. 245 at 23

UWorld further asserts that its failure to seek leave to file the sur-rebuttals was justified because it "did not believe it had to," based on a case in this district that held plaintiff's expert could rebut defendant's experts' reports criticizing their opinions. *Id.* at 23 (citing *Taylor*, 2024 WL 4606799, at *1).

But the holding in *Taylor* is not applicable to this case because, there, the court entered a scheduling order that explicitly provided for three separate expert disclosure deadlines each separated by 30 days – for the party with the burden of proof, opposing experts, and rebuttal experts. *See Taylor*, No. 3:19-cv-2486-N, Dkt. No. 334 at 2.

UWorld also attempts to cast the blame on Defendants, who (UWorld contends) "created this situation" by seeking a stipulation. Dkt. No. 245 at 24.

But Defendants did not compel UWorld to enter into the Stipulation, which seemingly clarified the Court's Scheduling Order. And neither the Stipulation, the Scheduling Order, nor Rule 26 authorized UWorld to file its sur-rebuttal reports.

By doing so without seeking leave, UWorld disregarded the limits imposed by the Court, which aims to avoid, as other courts have stated, "an infinitely iterative process" where parties serve expert reports with no defined end. *Wal-Mart*, 2017 WL 9480314, at *2.

And, so, the Court is not persuaded by UWorld's explanation for its non-compliance.

Considering the four factors holistically, the Court concludes that UWorld's noncompliance with Rule 26(a)(2) was neither harmless nor substantially justified.

And, so, under Rule 37(c)(1), the Court excludes the Buccafusco Rebuttal, the Kent Rebuttal, and the Miller Rebuttal in their entirety as well as the applicable portions of the Bratic/Blok Reply, Chiagouris Reply, and the Miracle Errata.

## Conclusion

For the reasons and to the extent explained above, the Court grants in part and denies in part Defendants' Motion to Strike UWorld's December 13 Sur-Rebuttal and Reply Reports and Errata of Nancy Miracle [Dkt. No. 207] and excludes the Buccafusco Rebuttal, the Kent Rebuttal, and the Miller Rebuttal in their entirety as well as the applicable portions of the Bratic/Blok Reply, Chiagouris Reply, and the Miracle Errata.

SO ORDERED.

DATED: April 28, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE