IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UWORLD LLC f/k/a USMLEWORLD LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-447-K-BN |
| USMLE GALAXY LLC d/b/a ARCHER REVIEW and TART LABS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 200.

Plaintiff UWorld LLC f/k/a USMLEWorld LCC filed this lawsuit against Defendants USMLE Galaxy LLC d/b/a as Archer Review and Tart Labs, bringing a variety of counts under a variety of federal and state acts and common law for injuries to trade dress, dilution, misappropriation, unfair competition, false designation of origin, infringement, breach of contract, and tortious interference with prospective business relations, among others. *See generally* Dkt. No. 124.

Defendants filed a Motion to Strike UWorld's December 13 Sur-Rebuttal and Reply Reports and Errata of Nancy Miracle, *see* Dkt. No. 207, which, as a non-dispositive motion, the Court granted in part and denied in part in a Memorandum Opinion and Order dated April 28, 2025, *see* Dkt. No. 320.

In the Memorandum Opinion and Order, the Court excluded the following expert reports in their entirety:

- Evaluation, Opinion, and Rebuttal to Expert Report of Christopher Buccafusco by Nancy Miracle;
- Rebuttal to Expert Report of Peter Kent Regarding Trade Dress of UWorld's Use Interface by Nancy Miracle; and
- Evaluation, Opinion, and Rebuttal to Expert Report of Jeffrey A. Miller, Ph.D. by Nancy Miracle.

The Court also excluded portions of the following expert reports:

- Expert Reply of Justin R. Blok and Walter Bratic;
- Reply Expert Report of Dr. Larry Chiagouris; and
- Miracle Errata to Ms. Miracle's October 4 and December 13, 2024 expert reports.

UWorld has moved for the Court to reconsider its order excluding UWorld's these expert reports. *See* Dkt. No. 324. UWorld also requests oral argument on its motion. See Dkt. No. 415.

For the reasons explained below, the Court denies UWorld's Motion for Reconsideration of April 28, 2025 Memorandum Opinion and Order on Defendants' Motion to Strike UWorld's December 13 Sur-rebuttal and Reply Reports [Dkt. No. 324].

## Legal Standards and Analysis

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.' " *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision

for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), and citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)); *see also Dall. Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) ("'Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court,'" which should "determine 'whether reconsideration is necessary under the circumstances.'" (citations omitted)).

In support of its Motion for Reconsideration, UWorld essentially presents the same arguments that it did in initially responding to Defendants' Motion to Strike. *Compare* Dkt. No. 324, *with* Dkt. No. 245.

And, so, even under Rule 54(b) and *Austin*'s lenient standards, the Court is not persuaded by UWorld's arguments, which the Court has already considered and rejected.

UWorld continues to contend that Federal Rule of Civil Procedure 26(a)(2)(D)(ii) "provides UWorld with the right to serve a rebuttal expert report." Dkt. No. 324 at 6.

But, as the Court previously explained, UWorld acknowledged that the expert reports at issue were in rebuttal to Defendants' rebuttal expert reports, *see* Dkt. No. 245 at 15, and, so, the Court considered them to be sur-rebuttal reports, *see* Dkt. No.

Case 3:23-cv-00447-K-BN   Document 424   Filed 06/26/25   Page 4 of 5   PageID 34362

320 at 10.

Neither the Court's Scheduling Order nor the parties' September 3, 2024 Stipulation authorized a party to file a sur-rebuttal report. *See* Dkt. No. 66 at 2-3; Dkt. No. 206- 2 at 4-5. And, so, the Court turned to Federal Rule of Civil Procedure 26.

The Court explained that Rule 26 does not address the availability and timing of sur-rebuttal reports and, so, "does not grant any right to rebuttal beyond that initial rebuttal report." Dkt. No. 320 at 10-11 (citing *La. Health Care Self Ins. Fund v. United States*, CIV.A. 12-766, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014)).

And, while the Court agreed that Rule 26 does not "prohibit the filing of sur-rebuttal reports[,] a party wishing to provide a sur-rebuttal must first seek leave of Court." *La. Health Care Self Ins. Fund*, 2014 WL 3720526, at *1 (collecting cases).

UWorld acknowledged the leave requirement. *See* Dkt. No. 245 at 22 (stating that "[p]arties are required to request leave to file sur-rebuttal expert reports"). But it failed to seek leave here.

And, so, the reports were improperly disclosed in violation of Rule 26. *Accord BCC Merch. Sols., Inc. v. JetPay, LLC*, No. 3:12-cv-5185-B, 2016 WL 3264283 (N.D. Tex. Feb. 19, 2016).

In other words, the Court did not state in its initial Memorandum Opinion and Order, *see* Dkt. No. 320, nor is it asserting now, that UWorld could have never served sur-rebuttal expert reports. Instead, UWorld needed to ask for – and be granted – leave before doing so. And because UWorld did not, it ran afoul of Rule 26.

**Conclusion**

The Court denies UWorld's Motion for Reconsideration of April 28, 2025 Memorandum Opinion and Order on Defendants' Motion to Strike UWorld's December 13 Sur-rebuttal and Reply Reports [Dkt. No. 324] and denies as moot UWorld's motion for oral argument [Dkt. No. 415].

SO ORDERED.

DATED: June 26, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE