IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UWORLD LLC f/k/a USMLEWORLD LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § § | No. 3:23-cv-447-K-BN |
| USMLE GALAXY LLC d/b/a ARCHER REVIEW and TART LABS, | § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER[1]

### Background and Legal Standards

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 200.

Plaintiff UWorld LLC f/k/a USMLEWorld LCC filed this lawsuit against Defendants USMLE Galaxy LLC d/b/a as Archer Review and Tart Labs, bringing a variety of counts under a variety of federal and state acts and common law for injuries to trade dress, dilution, misappropriation, unfair competition, false designation of origin, infringement, breach of contract, and tortious interference with prospective

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

business relations, among others. *See generally* Dkt. No. 124.

Archer Review filed a Motion to Withdraw UWorld's Confidentiality Designations. *See* Dkt. No. 198.

Archer Review seeks relief concerning 131 documents that it contends that UWorld improperly designated as "Confidential" under the Court's Protective Order [Dkt. No. 28]. The Protective Order provides:

> 1. Each Party may designate as confidential for protection under this Order, in whole or in part, (a) any document, information or material that constitutes or includes, in whole or in part, intellectual property, confidential or proprietary information, trade secrets, or other commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(g), or other information required by law or agreement to be kept confidential ("CONFIDENTIAL"); and (b) any document, information or material comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information ("CONFIDENTIAL – ATTORNEYS' EYES ONLY") (collectively, "Protected Material"). Protected Material shall be designated by the Party or Third Party producing it by affixing a legend or stamp on such document, information or material appropriate for its respective designation as follows: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL")."
> ….
> 5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.
> ….
> 15. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within fourteen (14) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party

>   to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

Dkt. No. 28 at 2-3, 6-7, 11.

The Court has laid out the standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel, and the Court incorporates and will, as necessary and appropriate, apply – but will not repeat – those standards here. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 417-21 (N.D. Tex. 2021).

Archer Review contends that the challenged 131 documents "do not meet the criteria for confidentiality as set forth in the Protective Order or Federal Rule of Civil Procedure Rule 26(c)" and requests that the Court order UWorld to comply with the Protective Order by withdrawing the "Confidential" designation for the 131 documents at issue. Dkt. No. 198 at 8 of 32.

These documents are classified into four categories: (1) UWorld employee internal communications regarding Reddit; (2) documents evidencing draft social media posts; (3) copies of presentations about Reddit; and (4) screenshots of Reddit. *See id.* at 10 of 32.

The 131 challenged documents include the following as Bates labeled by UWorld and laid out in Archer Review's appendix to its motion:

>   UWORLD EMPLOYEE INTERNAL COMMUNICATIONS
>   1.   UWOR 00000113
>   2.   UWOR 00000127
>   3.   UWOR 00000140
>   4.   UWOR 00000143

- 4 -

5. UWOR 00000827
6. UWOR 00000866
7. UWOR 00000896
8. UWOR 00000904
9. UWOR 00000957
10. UWOR 00000962
11. UWOR 00000967
12. UWOR 00000969
13. UWOR 00000976
14. UWOR 00000995
15. UWOR 00001005
16. UWOR 00001013
17. UWOR 00001031
18. UWOR 00002251
19. UWOR 00002261
20. UWOR 00002297
21. UWOR 00002317
22. UWOR 00002331
23. UWOR 00002342
24. UWOR 00002345
25. UWOR 00002360
26. UWOR 00002521
27. UWOR 00003528
28. UWOR 00003637
29. UWOR 00003689
30. UWOR 00003697
31. UWOR 00003727
32. UWOR 00003728
33. UWOR 00003736
34. UWOR 00003743
35. UWOR 00003755
36. UWOR 00003777
37. UWOR 00003798
38. UWOR 00003812
39. UWOR 00003868
40. UWOR 00003899
41. UWOR 00003930
42. UWOR 00003963
43. UWOR 00003966
44. UWOR 00003968
45. UWOR 00003975
46. UWOR 00006133
47. UWOR 00006158
48. UWOR 00006167
49. UWOR 00006169
50. UWOR 00006176
51. UWOR 00006230
52. UWOR 00006232
53. UWOR 00006245

54. UWOR 00006249
55. UWOR 00006255
56. UWOR 00006262
57. UWOR 00006278
58. UWOR 00006286
59. UWOR 00006327
60. UWOR 00006361
61. UWOR 00006372
62. UWOR 00006389
63. UWOR 00006392
64. UWOR 00006396
65. UWOR 00006441
66. UWOR 00006451
67. UWOR 00006502
68. UWOR 00006513
69. UWOR 00006516
70. UWOR 00006521
71. UWOR 00006523
72. UWOR 00006525
73. UWOR 00006526
74. UWOR 00006529
75. UWOR 00006545
76. UWOR 00006556
77. UWOR 00006575
78. UWOR 00006595
79. UWOR 00006614
80. UWOR 00006629
81. UWOR 00006642
82. UWOR 00006669
83. UWOR 00006715
84. UWOR 00006724
85. UWOR 00006740
86. UWOR 00006760
87. UWOR 00006773
88. UWOR 00006840
89. UWOR 00006926
90. UWOR 00006973
91. UWOR 00006987
92. UWOR 00006988
93. UWOR 00006989
94. UWOR 00007009
95. UWOR 00007074
96. UWOR 00007078
97. UWOR 00007084
98. UWOR 00007087
99. UWOR 00007090
100. UWOR 00007094
101. UWOR 00007098
102. UWOR 00007104

    103.    UWOR 00007110
    104.    UWOR 00007116
    105.    UWOR 00007249
    106.    UWOR 00007438
    107.    UWOR 00007489
    108.    UWOR 00007592
    109.    UWOR 00007648

**DOCUMENTS EVIDENCING DRAFT POSTS**
    110.    UWOR 00006140
    111.    UWOR 00006143
    112.    UWOR 00006146
    113.    UWOR 00006150
    114.    UWOR 00006771
    115.    UWOR 00006777
    116.    UWOR 00006781
    117.    UWOR 00006783
    118.    UWOR 00006790
    119.    UWOR 00006815
    120.    UWOR 00006819
    121.    UWOR 00007712

**PRESENTATIONS REGARDING REDDIT**
    122.    UWOR 00006927
    123.    UWOR 00006938
    124.    UWOR 00006990
    125.    UWOR_00007010
    126.    UWOR_00007029

**REDDIT SCREENSHOTS**
    127.    UWOR 00009172
    128.    UWOR 00009213
    129.    UWOR 00009215
    130.    UWOR 00009221
    131.    UWOR 00009227

Archer Review asserts that none of the 131 documents fall under the categories that qualify as "Confidential" under the Court's Protective Order, specifically: (1) intellectual property, (2) trade secrets, (3) confidential or proprietary information, or (4) other commercial information that is not publicly known and is of technical or commercial advantage to its possessor. *See id.* at 13.

And Archer Review argues that UWorld's "Blanket Designations" evidence bad

faith and that transparency and fairness mandate disclosure. *See id.* at 29-31.

Archer Review also asks the Court to award it its reasonable attorneys' fees and costs in bringing this motion. *See id.* at 31.

In response, UWorld contends that all of the challenged documents meet one or more of the criteria set forth in the Court's Protective Order for designating documents "Confidential" and that UWorld has done so in good faith. *See* Dkt No. 235.

And UWorld later filed a notice that explained that "Archer Review's Motion challenged four categories of documents, one of which was the screenshots of Reddit"; that "Section 4(d) of Archer Review's Reply discusses Archer Review's challenge to the screenshots"; and that UWorld "rendered moot" that part of the challenge when, "[o]n March 7, 2025, UWorld provided the de-designated screenshots to Archer Review: UWOR_00009172; UWOR_00009213; UWOR_00009215; UWOR_00009221; [and] UWOR_00009227." Dkt. No. 257 at 2. The Court denies Archer Review's motion as moot as to these five documents.

What remains for decision are the remaining 126 documents as to which Archer Review challenges UWorld's designations as "Confidential" under the Protective Order that fall into the three categories of (1) UWorld employee internal communications regarding Reddit; (2) documents evidencing draft social media posts; and (3) copies of presentations about Reddit.

**Analysis**

To begin, the Court is persuaded that "UWorld did not consent to making the

challenged documents public by not supporting Archer Review's motion to seal, nor did it waive any argument that the documents are protectable." Dkt. No. 257 at 2. Whether to seal the parties' court filings presents a separate issue that is the subject of over a dozen other pending motions. *See* Dkt. No. 94 at 2 (distinguishing the standard under Rule 26(c) for keeping unfiled discovery confidential from the standard for sealing materials filed with the court).

On this motion, under Rule 26(c) and the Protective Order [Dkt. No. 28], UWorld bears the burden to show why its classification of each of the 126 documents as "Confidential," which the Protective Order defines as "any document, information or material that constitutes or includes, in whole or in part, intellectual property, confidential or proprietary information, trade secrets, or other commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(g), or other information required by law or agreement to be kept confidential." Dkt. No. 28 at 2-3, 6-7, 11.

### I. UWorld employee internal communications regarding Reddit

Archer Review challenges UWorld's "Confidential" designations on 109 produced documents in this category.

UWorld responds with a Confidentiality Log providing a one-line description for each document "according to the criteria set forth in the Protective Order." Dkt. No. 235 at 20 of 28; Dkt. No. 236-7.

Many of the descriptions are repetitive, but that alone does not mean they do not explain UWorld's basis for designating the documents under the Protective Order's definition.

But the thinness of the descriptions, without more, does fall short of satisfying UWorld's burden under the Protective Order. And the Court is not persuaded that identifying individual employees' user account names qualifies as "Confidential" as the Protective Order defines it.

On the other hand, UWorld's submission as to UWOR 00003727 does meet UWorld's burden to show why that document should be marked "Confidential": "Internal communications regarding analysis of and commentary on suspicious social media activity; description of process for moderating posts on UWorld's official social media page, which is not publicly known and of commercial advantage to UWorld." Dkt. No. 236-7 at 5 of 13.

And, so, the Court denies the motion as to the document produced as UWOR 00003727.

The Court otherwise determines that UWorld has not met its burden as to the other 108 documents in this category, which must be de-designated under the Protective Order.

**II.     Documents evidencing draft social media posts**

Archer Review challenges UWorld's "Confidential" designations on 12 produced documents in this category.

UWorld responds by explaining that these documents include "materials not being publicly known" and "evidence confidential information, including personal employee information and application of UWorld's Reddit strategy, that was not made public." Dkt. No. 235 at 21 of 28.

But that single, high-level description, again, descriptions, falls short of

satisfying UWorld's burden under the Protective Order – with one exception.

UWorld's submission as to UWOR 00006815 does meet UWorld's burden to show why that document should be marked "Confidential," because UWorld explains that it "contains the complete social media plan developed by the two nursing content developers who have content team responsibilities over social media. This document is the product of UWorld's nursing content team's investment in social media, and confidentiality of such strategic planning provides UWorld with a competitive advantage." Dkt. No. 235 at 21 n.15 of 28.

And, so, the Court denies the motion as to this document.

The Court otherwise determines that UWorld has not met its burden as to the other 11 documents in this category, which must be de-designated under the Protective Order.

### III.   Copies of presentations about Reddit

Archer Review challenges UWorld's "Confidential" designations on five produced documents in this category.

UWorld responds with the Declaration of Taylor Wilkerson [Dkt. No. 236-1] and a persuasive explanation of how these five presentations meet the Protective Order's definition for "Confidential" information. And, so, the Court determines that UWorld has satisfied its burden as all five documents in this category and denies the motion as to those documents.

### IV.   Award of expenses

The Court determines that, under Rule 37(a)(5)(C) and all of the circumstances, the parties will bear their own expenses, including attorneys' fees, in

connection with Archer Review's motion.

## Conclusion

For the reasons and to the extent explained above, the Court grants in part and denies in part Archer Review's Motion to Withdraw UWorld's Confidentiality Designations [Dkt. No. 198].

SO ORDERED.

DATED: September 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE