IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UWORLD LLC f/k/a USMLEWORLD LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. Action No. 3:23-CV-0447-K-BN |
| USMLE GALAXY LLC d/b/a ARCHER REVIEW and TART LABS, | § § § § | |
| Defendants. | § § | |

**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On September 11, 2025, the United States Magistrate Judge entered his Findings, Conclusions, and Recommendation (the "FCR") (Doc. No. 541) on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 305) and Defendants' Motion for Partial Summary Judgment (Doc. No. 311). The FCR recommends this Court grant in part and deny in part both Plaintiff's Motion and Defendants' Motion.

Defendants USMLE Galaxy LLC d/b/a Archer Review ("Archer Review") and Tart Labs (together, "Defendants") filed Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. No. 559). Plaintiff UWorld LLC f/k/a USMLEWorld LLC ("Plaintiff") filed a Response (Doc. No. 578), and Defendants thereafter filed a Reply in Support (Doc. No. 593).

1

Plaintiff filed Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. No. 561), to which Defendants filed a Response in Opposition (Doc. No. 576), and Plaintiff thereafter filed a Reply in Support (Doc. No. 592).

The Court has reviewed the parties' respective briefing, the FCR, the relevant portions of the record, and the applicable law. The Court made a *de novo* review of those portions of the FCR to which objections were made. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). The Court reviewed the other portions of the FCR for plain error. *Serrano v. Customs and Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020); *see Wilson*, 864 F.2d at 1221 (the district court appropriately "appl[ies] the 'clearly erroneous, abuse of discretion and contrary to law' standard of review" only to those portions of magistrate's ruling for which there are no objections).

The Court found no error in those portions of the FCR to which no objection was filed. On its *de novo* review of those portions of the FCR to which objections were filed, the Court finds no basis to reject the Magistrate Judge's recommendation as to the following of Plaintiff's claims—trade dress infringement, trade dress dilution, and unfair competition under federal law, and trade dress dilution under Texas law; violation of the Digital Millenium Copyright Act (the "DMCA"); violation of the Computer Fraud and Abuse Act (the "CFAA"); violation of the Texas Harmful Access

2

by Computer Act (the "THACA"); and breach of contract.  The Court likewise finds no basis to reject the Magistrate Judge's recommendations as to Defendant Archer Review's counterclaims for business disparagement and false advertising, and its request for a permanent injunction.  Finally, the Court finds no basis to reject the Magistrate Judge's recommendation to deny Defendants' Motion for Partial Summary Judgment on Plaintiff's copyright infringement claims. Accordingly, the parties' objections to the aforementioned portions of the FCR are **OVERRULED** and the Court **ACCEPTS** those specific portions of the FCR.

However, the Court's *de novo* review does not support accepting the Magistrate Judge's recommendation to grant summary judgment to Plaintiff as to liability on its claims for direct and vicarious copyright infringement (Counts V and VI).  For the following reasons, Defendants' Objection to this specific portion of the FCR is **SUSTAINED** and the Court **REJECTS** said part of the FCR.  "[A] plaintiff generally must prove two elements to establish infringement: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *BWP Media USA, Inc. v. T&S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  In direct-copyright-infringement cases, the Fifth Circuit recently adopted "the volitional conduct requirement."  *BWP Media*, 852 F.3d at 444; *see id.* at 439–442 (discussing the "developing line of authority" that has approved the volitional conduct requirement

3

since it "first came to the fore in 1995" and disagreeing with the suggestion that the Supreme Court expressly rejected this requirement in *American Broadcasting Companies v. Aereo, Inc.*, 573 U.S. 431 (2014)).  In its attempt to define "volitional" in the context of copyright infringement, the Fifth Circuit explained that, "[a]t the very least, the [Copyright] Act 'requires conduct by a person who causes in some meaningful way an infringement.'"  *Id.* at 440 n.1 (quoting *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004)); *see CoStar*, 373 F.3d at 440 ("There must be actual infringing conduct with a nexus sufficiently close and causal to the illegal copying that one could conclude that the machine owner himself trespassed on the exclusive domain of the copyright owner.").

In its Motion for Partial Summary Judgment, Plaintiff does not discuss, let alone establish, the required volitional conduct element for its direct copyright infringement claim against Defendants.  *See* Doc. No. 305-1 at 26–30 (discussing ownership of valid copyrights and factual copying and substantial similarity).  If the movant will have the burden of proof at trial, that party's summary judgment "burden is even higher; [it] 'must establish beyond peradventure *all* of the essential elements of the claim.'"  *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  On this summary judgment record, Plaintiff fails to establish beyond peradventure that Archer Review and/or Tart Labs engaged in volitional conduct with respect to Plaintiff's direct

4

copyright infringement.  For that reason, Plaintiff is not entitled to summary judgment as to liability on its direct copyright infringement claim.  *See* FED. R. CIV. P. 56(a) (court may grant summary judgment only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

Plaintiff argues in the Objection briefing that Defendants waived this volitional conduct argument by not raising it in their response to Plaintiff's summary judgment motion.  Doc. No. 578 at 20-23.  The case law is well-established on this point; Plaintiff did not satisfy its initial summary judgment burden on its direct copyright infringement claim so the burden never shifted to Defendants.  *See John v. State of La. (Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 708 (5th Cir. 1985).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex. 2015), *aff'd*, 634 F. App'x 439 (5th Cir. 2015) (quoting *Meecorp Cap. Mkts. LLC v. Tex-Wave Indus. L.P.*, 265 F. App'x 155, 158 (5th Cir. 2008)).  Plaintiff's argument, therefore, is unavailing.

The FCR also recommends the Court grant summary judgment to Plaintiff as to Archer Review's liability for Plaintiff's vicarious copyright infringement claim. This recommendation is premised on the recommendation as to liability for direct copyright infringement.  Because Plaintiff is not entitled to summary judgment on Defendants'

5

liability for direct copyright infringement, summary judgment as to Archer Review's liability for vicarious copyright infringement necessarily fails.

For the foregoing reasons, the Court **SUSTAINS** Defendants' objection to the FCR's recommendation that the Court grant summary judgment to Plaintiff as to liability on its claims for direct and vicarious copyright infringement (Counts V and VI). The Court **OVERRULES** Plaintiff's objections and the remaining objections from Defendants.

Accordingly, Plaintiff's Motion for Partial Summary Judgment is **DENIED** in its entirety. Defendants' Motion for Partial Summary Judgment is **GRANTED in part and DENIED in part**. Specifically, the Court **denies** Defendants' Motion as to Plaintiff's claims for (1) Injury to Business Reputation and Trade Dress Dilution (state law), (2) Trade Dress Infringement under § 43(a) of the Lanham Act, (3) Trade Dress Dilution under § 43(a) of the Lanham Act, (4) Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act, (5) Direct and Vicarious Copyright Infringement, (6) violations of the Digital Millenium Copyright Act, (7) violation of the Texas Harmful Access by Computer Act, (8) breach of contract, and (9) tortious interference with prospective business relations. The Court **grants** summary judgment to Defendants on Plaintiff's claims for (1) false advertising under the Lanham Act (Count VIII against Archer Review), (2) business disparagement (Count IX against Archer Review), and (3) violation of the Computer Fraud and Abuse

6

Act (Count X against both Defendants).

**SO ORDERED.**

Signed April 7th, 2026.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

7